UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON LAMAR JAMISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-00974-SEP |
| | ) | |
| GREGORY HANCOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are self-represented Plaintiff Jason Lamar Jamison's motions to proceed *in forma pauperis* along with motions to appoint counsel, for a preliminary injunction and temporary restraining order, to amend the Complaint, and to amend the motion for preliminary injunction and temporary restraining order. *See* Docs. [2], [3], [4], [10], [13], [14], [15]. Based on Plaintiff's financial information, the Court grants his motions to proceed *in forma pauperis* and orders him to pay an initial partial filing fee of $64.47. On initial review, the Court dismisses the action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). All other motions are accordingly denied.

### INITIAL PARTIAL FILING FEE

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs must pay the full filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After the initial partial filing fee, the prisoner must make monthly payments of 20% of the income credited to the prisoner's account the preceding month. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his inmate account statement from the Missouri Eastern Correctional Center (MECC) for the period November 16, 2024, through July 30, 2025. *See* Doc. [11]. Based on the six-month period of January 16, 2025, through July 16, 2025, Plaintiff's average monthly deposit is $322.33. The Court grants Plaintiff's application and assesses an initial partial filing fee of $64.47, which is 20% of his monthly deposit.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action against MECC, its Warden, and several correctional officers (COs) based on two alleged incidents of sexual contact during strip searches.  He names as defendants:  Gregory Hancock (Warden); Michue (Major); Gloria Link (Functional Unit Manager); Canziani (Sergeant); Goforth (Sergeant); and Jason Howards (Sergeant).  He does not state in which capacity he is suing each defendant.

Plaintiff alleges that, on December 10, 2023, he was taken to a suicide cell and strip searched.  While he was in wrist restraints, Sgt. Canziani pulled his shirt over his head, blinding him "for at least a minute."  Doc. [1-1] at 1.  During that minute, another officer began to remove Plaintiff's sweatpants and underwear, "rubbing on my buttock and my penis."  *Id*.  He could see through his shirt that the other officer had squatted down, with his face looking at Plaintiff's penis.  After the officers removed his clothing, they asked him to back up to the food port and spread his buttocks for the strip search.  Then Sgt. Canziani "took a long time taking the wrist restraints off."  *Id.* at 2.  Plaintiff asked to file a Prison Rape Elimination Act report but was told that Sgt. Canziani said Lt. Jones was too busy.  Plaintiff asked for a crisis intervention team and again was told the officers were too busy.

Plaintiff also alleges that, on March 14, 2024, he was placed in segregated housing for another strip search and Defendant Goforth asked him to "lean my head against the wall in the corner it will be easier for you."  *Id.* at 2.  While he was leaning against the wall, Plaintiff's hand touched Goforth's penis for at least 15 seconds, and Goforth smiled during the strip search.

Plaintiff does not allege injuries, either mental or physical, in the Complaint.  In an attached internal resolution request, however, he states that he "continue[s] to have flashbacks [to] when I was a child," when he was sexually molested.  *See* Doc. [4] at 6-7.  He seeks $3 million in damages for pain and suffering.

## DISCUSSION

The Eighth Amendment protects those who are incarcerated from physical or sexual assault at the hands of correctional officers.  *See Kahle v. Leonard*, 477 F.3d 544, 553 (8th Cir. 2007) (prisoners have a clearly established right under the Eighth Amendment to be free from sexual abuse).  "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the unnecessary and wanton infliction of pain."  *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997).

Under the Prisoner Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  42 U.S.C. § 1997e(e).  "Sexual act" is defined as:  "(A) contact between the penis and the vulva or the penis and the anus . . .; (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth

and the anus; (C) the penetration, however slight, of the anal or genital opening of another by hand or finger or by any object . . .; or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2). The sexual contact Plaintiff alleges not fall within that definition of "sexual act."

Plaintiff cannot bring a federal civil action for mental or emotional injury suffered at MECC without a prior showing of a physical injury or the commission of a sexual act as defined in 18 U.S.C. § 2246. Because Plaintiff has not alleged any physical injury or the commission of a sexual act as defined in § 2246, the Court dismisses this action without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's applications to proceed in district court without prepaying fees and costs, Docs. [3], [10], are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $64.47 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, Doc. [2], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motions for preliminary injunction and temporary restraining order, to amend his Complaint, and to amend his motion for preliminary injunction and temporary restraining order are **DENIED**. Docs. [4], [13], [14], [15].

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of October 2025.

---

[1] Plaintiff has filed two motions seeking injunctive relief, a motion seeking to amend the Complaint, and a motion seeking to amend his motion for injunctive relief. *See* Docs. [4], [13], [14], [15]. Because the motions do not relate to any allegations in the Complaint, they are denied. If Plaintiff wants to bring claims involving parties or events unrelated to those in the Complaint, he should file a separate action.

- 5 -

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE